IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RICHARD ALLEN YOUNG, )
　)
　　　　Plaintiff, )
　)
　-vs- ) Civil Action No. 17-167
　)
NANCY A. BERRYHILL,[1] )
COMMISSIONER OF SOCIAL SECURITY, )
　)
　　　　Defendant. )

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 10 and 14). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 11 and 15). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (ECF No. 10) and denying Defendant's Motion for Summary Judgment. (ECF No. 14).

## I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying his application for disability insurance benefits pursuant to the Social Security Act. Plaintiff filed his applications alleging he had been disabled since February 13, 2008. (ECF No. 8-5, p. 2). On October 22, 2015, Administrative Law Judge ("ALJ"), Wayne Stanley, held a hearing. (ECF No. 8-2, pp. 40-86). Plaintiff appeared and testified. *Id.* On October 28, 2015, the ALJ found that Plaintiff was not disabled under the Social Security Act. (ECF No. 8-2, pp. 26-34).

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

After exhausting all of his administrative remedies, Plaintiff filed this action. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 10 and 14). The issues are now ripe for review.

## II. **LEGAL ANALYSIS**

### A. **STANDARD OF REVIEW**

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must

determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

**B.    Lack of Medical Insurance**

Plaintiff's first argument is that the ALJ's residual functional capacity ("RFC")[2] is not supported by substantial evidence because the ALJ failed to consider his lack of medical insurance. (ECF No. 11, pp. 12-18). After careful consideration, I agree.

In determining the limits on a claimant's capacity for work, the ALJ will consider the entire case record, including evidence from the treating, examining, and consulting physicians; observations from agency employees; and other factors such as the claimant's daily activities,

---

[2]RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. §416.945(a). In this case, the ALJ found Plaintiff has the RFC to perform light work with certain exceptions. (ECF No. 8-2, pp. 30-32).

3

descriptions of pain, precipitating and aggravating factors, type, dosage, effectiveness and side effects of medications, treatment other than medication, and other measures used to relieve the pain. 20 C.F.R. §§ 404.1529(c), 416.929(c); S.S.R. 96-7p. The ALJ also will look at inconsistencies between the claimant's statements and the evidence presented. 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4). Inconsistencies in a claimant's testimony or daily activities permit an ALJ to conclude that some or all of the claimant's testimony about her limitations or symptoms is less than fully credible. *See Burns v. Barnhart*, 312 F.3d 113, 129–30 (3d Cir. 2002).

At the hearing, the ALJ asked Plaintiff about the gap in treatment and Plaintiff testified that halfway through his unemployment he was fired and lost his insurance and did not have the money to pay for any treatments for both his physical and his mental symptoms that were unrelated to his shoulder and elbow because those were covered through his worker's compensation (which ended in March of 2013). (ECF No. 8-2, pp. 46, 75-76). The records indicate that Plaintiff lost his insurance as early as June 18, 2012. (ECF No. 8-8, p. 22). In his decision, however, the ALJ makes no mention of the loss of insurance. (ECF No. 8-2, pp. 26-34). Rather, he concluded that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely credible and in support of this conclusion he noted Plaintiff's lack of treatment. (ECF No. 8-2, pp. 30-31).

The ALJ also noted that from July 2013 through September 2014, Plaintiff had no follow up treatment. (ECF No. 8-2, p. 31). He also noted that "the claimant required no prescribed pain medication or specialized treatment with an orthopedist, neurologist or pain management physician…; and offered no significant complaints directed towards the back impairment through the date last insured." (ECF No. 8-2, p. 31). Additionally, he stated that "[f]rom September 2011 through the date last insured, there is no evidence that the claimant required treatment for his low back." (ECF No. 8-2, p. 32). The ALJ refused to consider the opinions of Dr. DeChellis, a treating physician, because "they postdate the relevant period and he was not a treating source

prior to the date last insured." (ECF No. 8-2, p. 32). Additionally, the ALJ discounted the medical records relating to Plaintiff's depression and anxiety because those records postdate the date last insured. (ECF No. 8-2, p. 29). The ALJ made negative inference regarding Plaintiff's mental health stating that Plaintiff did not require "emergency intervention or inpatient treatment." (ECF No. 8-2, p. 29).

It is well-established that an "ALJ may rely on lack of treatment, or the conservative nature of treatment, to make an adverse credibility finding, but only if the ALJ acknowledges and considers possible explanations for the course of treatment." *Wilson v. Colvin*, No. 3:13-cv-02401-GBC, 2014 WL 4105288, at * 11 (M.D. Pa. Aug. 19, 2014). As set forth in Social Security Ruling 96-7p, however, "[t]he adjudicator must not draw any inferences about an individual's symptoms and their functional effect from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment." S.S.R. 96-7p, 1996 WL 374186, at **7-8. Possible explanations that may provide insight into an individual's credibility include the inability to afford treatment and/or lack of access to free or low-cost medical services. *Id.* Courts routinely have remanded cases in which the ALJ's credibility analysis fails to address evidence that a claimant declined or failed to pursue more aggressive treatment due to lack of medical insurance. *See, e.g., Newell v. Comm'r of Soc. Sec.,* 347 F.3d 541, 547 (3d Cir. 2003); *Wilson,* 2014 WL 4105288, at 11-12; *Kinney v. Comm'r of Soc. Sec.,* 244 F. App'x 467, 470 (3d Cir. 2007); *Sincavage v. Barnhart*, 171 F. App'x 924, 927 (3d Cir. 2006); *Henderson v. Astrue*, 887 F. Supp. 2d 617, 638-39 (W.D. Pa. 2012); *Plank v. Colvin*, Civ. No. 12-4144, 2013 WL 6388486, at *8 (E.D. Pa. Dec. 6, 2013). "Retrospective diagnosis of an impairment, even if uncorroborated by contemporaneous medical

records, but corroborated by lay evidence relating back to the claimed period of disability, can support a finding of past impairment." *Newell,* 347 F.3d at 547.

In this case, Plaintiff adequately explained his lack of treatment. (ECF No. 8-2, pp. 75-76). Specifically, he testified that he was not treating because he did not have medical insurance and could not afford a doctor without income. (ECF No. 9-2, p. 53). Yet, the ALJ failed to discuss in his decision why he presumably discredited that testimony when he made negative inferences regarding the same. The ALJ also failed to explain why he did not consider the non-contemporaneous evidence in order to perform a retrospective analysis, especially relating to his depression which the ALJ found to be a nonsevere impairment. Because the ALJ failed to consider and explain the same in his opinion, I find that the ALJ's decision cannot stand. *See Wilson*, 2014 WL 4105288, at *11; S.S.R. 96-7p. Consequently, remand is warranted on this basis is warranted. [3]

An appropriate order shall follow.

---

[3]Plaintiff also argues that the ALJ erred in failing to find his depression a severe impairment. (ECF No. 11, pp. 18-21). At step 2 of the analysis, an ALJ must determine whether the claimant has a medically determinable impairment that is severe. 20 C.F.R. §§416.920(a), 404.1520(a). When an ALJ finds that a plaintiff suffers from even one severe impairment, the failure to find other impairments severe usually is not harmful to the integrity of the analysis because the plaintiff is not denied benefits at that stage and the ALJ continues with the analysis. *Salles v. Commissioner of Social Sec.,* 229 Fed.Appx. 140, 144-145, n. 2, 2007 WL 1827129 (3d Cir. 2007); *Sheeler v. Astrue*, No. 08-64J, 2009 WL 789892, 4 -5 (W.D.Pa. March 24, 2009); *Hanke v. Astrue, No. 12-2364,* 2012 WL 6644201, *4 (7th Cir. Dec. 21, 2012). In this case, while the ALJ did not find Plaintiff's depression to be severe, he did find other impairments to be severe. (ECF No. 8-2, p. 28). Therefore, Plaintiff was not denied benefits at step 2 and the ALJ proceeded beyond step 2 to determine Plaintiff's residual functional capacity ("RFC"). (ECF No. 8-2, pp. 29-34). In determining an RFC, however, an ALJ must consider all of a claimant's impairments, including nonsevere impairments. 20 C.F.R. §404.1520(e) and 404.1545; SSR 96-8p. Here, the ALJ did not consider or even mention his depression when determining Plaintiff's RFC. *See,* (ECF No. 8-2, pp. 30-32). On remand, the ALJ is instructed to consider all impairments in determining the RFC, including nonsevere impairments.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RICHARD ALLEN YOUNG,)
)
       Plaintiff,)
)
  -vs-)   Civil Action No. 17-167
)
NANCY A. BERRYHILL,[4])
COMMISSIONER OF SOCIAL SECURITY,)
)
       Defendant.)

AMBROSE, Senior District Judge

## ORDER OF COURT

AND now, this 12th day of March, 2018, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 10) is granted and Defendant's Motion for Summary Judgment (ECF No. 14) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

                               BY THE COURT:

                               s/ Donetta W. Ambrose
                               Donetta W. Ambrose
                               United States Senior District Judge

---

[4] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.